IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

COLONY INSURANCE COMPANY,
    Plaintiff,

v.                                                  Civil No. 3:21cv11 (DJN)

PROGRESSIVE CASUALTY
INSURANCE COMPANY,
    Defendant.

**MEMORANDUM OPINION**
**(Granting Motion to Dismiss)**

Plaintiff Colony Insurance Company ("Plaintiff") brings this insurance coverage action against Defendant Progressive Casualty Insurance Company ("Defendant"), alleging that Defendant improperly denied coverage for an underlying tort claim. This matter now comes before the Court on Defendant's Motion to Dismiss (ECF No. 6), moving pursuant to Federal Rule of Civil Procedure 12(b)(3) to dismiss Plaintiff's claims for improper venue. For the reasons set forth below, the Court GRANTS Defendant's Motion (ECF No. 6) and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint (ECF No. 1).

### I.    BACKGROUND

In ruling on a motion for improper venue, the Court may consider evidence outside of the pleadings, though the Court will draw all inferences in favor of Plaintiff. *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006). Based on this standard, the Court accepts the following facts, reciting the substantive allegations of Plaintiff's Complaint for purposes of background only.

A.     **Factual Allegations**

Plaintiff is a corporation organized under the laws of Virginia, with its principal place of business in Richmond, Virginia. (Compl. (ECF No. 1) ¶ 3.) Defendant is a corporation organized under the laws of Ohio, with its principal place of business in Mayfield Village, Ohio. (Compl. ¶ 4.) The two corporations mutually insured Lawson Concrete, LLC, a Maryland corporation ("Lawson Concrete"). (Compl. ¶ 1.) Plaintiff issued its policy from a Producer in Richmond, Virginia, to Lawson Concrete's mailing address in Washington, D.C. (Compl., Ex. F ("Plaintiff Policy") (ECF No. 1-7) at 4.) Defendant issued its policy from Cleveland, Ohio, to Lawson Concrete in Riverdale, Maryland. (Compl., Ex. E ("Defendant Policy") (ECF No. 1-6) at 2.) Defendant's Policy indicates that the covered auto (a truck owned by Lawson Concrete), maintains a garaging zip code of 20706, which zip code corresponds with Maryland. (Defendant Policy at 2.)

On May 23, 2019, in Bethesda, Maryland, an individual named Jose Rodriguez ("Rodriguez") sustained injuries during the transfer of concrete from Lawson Concrete's truck to separate equipment owned by A&D Construction, Rodriguez's employer. (Compl. ¶¶ 7-8.) Plaintiff recites correspondence from Rodriguez's counsel that "a heavy piece of large concrete pump owned by Lawson Concrete broke off from about 8 to 10 feet above Mr. Rodriguez and struck him on the right side of his head, on his shoulder and landed on his right hand." (Compl. ¶ 13.) Rodriguez alleged that his injuries resulted from Lawson Concrete's negligence. (Compl., Ex. B (ECF No. 1-3).)

On November 29, 2019, Defendant denied coverage for Rodriguez's tort claim, citing in its declination letter its policy's "Operation" exclusion. (Compl. ¶¶ 9-10.) Subsequently, Lawson Concrete tendered the tort claim to Plaintiff, and Plaintiff settled it by paying Rodriguez

2

the total sum of $195,000 in exchange for a release of all claims. (Compl. ¶¶ 11, 17.) The Settlement Agreement reached between Plaintiff and Rodriquez contains a clause stating that Maryland law governs the settlement. (Compl., Ex. C (ECF No. 1-4) at 4.) Thereafter, Lawson Concrete assigned to Plaintiff all of its rights in connection with the claim and settlement payment. (Compl. ¶ 18.) Plaintiff now sues Defendant for subrogation and contribution, arguing that Defendant improperly denied coverage for the tort claim. (Compl. ¶¶ 34-48.)

### B. Plaintiff's Complaint

On January 7, 2021, Plaintiff brought this action against Defendant, alleging that Plaintiff stands entitled to reimbursement from Defendant given Defendant's improper refusal to provide coverage for the underlying tort claim. (Compl. ¶¶ 34-48.) Specifically, in Count I, Plaintiff seeks Subrogation on the grounds that Defendant's policy constituted primary coverage for the tort claim and that its policy qualified as excess coverage. (Compl. ¶¶ 34-46.) Plaintiff further alleges that it acted prudently to resolve the tort claim by paying a reasonable settlement in exchange for a release of all claims. (Compl. ¶ 44.)

Alternatively, Count II seeks Contribution. (Compl. ¶¶ 47-48.) There, Plaintiff alleges that Defendant must contribute its proportional share of the settlement payment "to the extent it is determined that the claim is covered by [Plaintiff's Policy] and [Defendant's Policy] — each as primary or co-primary." (Compl. ¶¶ 47-48.)

### C. Defendant's Motion

On January 29, 2021, Defendant filed its Motion to Dismiss (ECF No. 6). In support of its Motion, Defendant argues that the Court should dismiss Plaintiff's claims for improper venue, because none of the events giving rise to this claim occurred in the Eastern District of Virginia. (Def.'s Mot. to Dismiss ("Def.'s Mot.") (ECF No. 6) at 1-2.) Specifically, Defendant contends

that this Court constitutes an improper venue, because a "substantial part of the events or omissions giving rise to the claim occurred" not in this District, but in Maryland. (Def.'s Mot. at 2. (citing 28 U.S.C. § 1391(b)).) Defendant points to a number of facts supporting its position, to include that: (1) the underlying incident occurred in Maryland; (2) the tort claimant resides in Maryland; (3) the incident involved a truck garaged in Maryland and owned by a Maryland corporation; and, (4) Defendant's policy constitutes a Maryland insurance policy governed by Maryland law. (Def.'s Mot. at 3.)

Plaintiff filed its Opposition to Defendant's Motion to Dismiss on February 11, 2021, (Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Resp.") (ECF No. 8)), and Defendant filed its Reply on February 14, 2021, (Def.'s Reply in Supp. of Mot. to Dismiss (ECF No. 10)), rendering Defendant's Motion now ripe for review.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to challenge the plaintiff's chosen venue as improper. Fed. R. Civ. P. 12(b)(3). "To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." *Power Paragon, Inc. v. Precision Tech. USA, Inc.*, 605 F. Supp. 2d 722, 726 (E.D. Va. 2008) (emphasis removed) (citing *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)). When ruling on a 12(b)(3) motion, a court need not accept the plaintiff's factual allegations as true and may consider evidence outside of the pleadings. *Sucampo Pharms.*, 471 F.3d at 550.

In general, 28 U.S.C. § 1391 governs the proper venue for civil actions before federal district courts. Pursuant to § 1391, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

4

substantial part of the events giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). Notably, "in determining whether events or omissions are sufficiently substantial to support venue [under Subsection (b)(2)] a court should not focus only on those matters that are in dispute or that directly led to the filing of the action . . . [but] should review 'the entire sequence of events underlying the claim.'" *Mitrano*, 377 F.3d at 405 (quoting *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001)).

Should the Court determine that venue proves improper, the Court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "To determine where a case 'could have been brought,' the 'movant must establish that both venue and jurisdiction with respect to each defendant is proper in the transferee district.'"[1] *Symbology Innovations, LLC v. Lego Sys.*, 158 F. Supp. 3d 916, 935 (E.D. Va. 2017) (citing *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003)).

### III. ANALYSIS

#### A. Venue Does Not Properly Lie in this Court

Here, Plaintiff relies solely on 28 U.S.C. § 1391(b)(2) in arguing that this Court constitutes a proper venue. (Compl. ¶ 6; Pl.'s Resp. at 2-4.) Specifically, Plaintiff maintains that its insurance policy "was issued by [Plaintiff], located in Richmond, Virginia, through a Producer, also located in Richmond, Virginia, to Lawson Concrete, located in the District of

---

[1] Neither party has moved for transfer or argued that the Court should transfer the case as an alternative to dismissing it. Instead, the parties only address the propriety of litigating the case in this Court.

5

Columbia." (Pl.'s Resp. at 2 (citing Plaintiff Policy at 4).) In short, Plaintiff posits that, because "[Plaintiff's Policy] was negotiated in Richmond, Virginia (through a broker located in Richmond), where [Plaintiff] has its principal place of business," venue properly lies in this Court.

In response, Defendant argues that Plaintiff's focus on its own insurance policy "is a specious basis on which to support its claim of proper venue because [Plaintiff's] insurance policy is not the one [Plaintiff] puts at issue." (Def.'s Reply at 1.) Instead, Plaintiff seeks subrogation and contribution from Defendant under Defendant's policy. (Def.'s Reply at 1.) Defendant submits that venue thus proves improper given that "[Defendant's Policy] is a Maryland Policy governed by Maryland law," and that the Complaint "asks solely for a finding that [Defendant's Policy] included an indemnity obligation for that accident and then a determination of priority of coverage based on that finding." (Def.'s Reply at 1-2.) The Court agrees with Defendant.[2]

With respect to insurance coverage disputes, "[f]ederal courts have been somewhat inconsistent in deciding how to apply [§ 1391(b)(2)]. . . . Some courts have focused on the underlying events for which coverage is sought. Others have looked to factors such as where the contract was negotiated or executed, where it was to be performed, or where the alleged breach occurred." *Malveaux v. Christian Bros. Servs.*, 753 F. Supp. 2d 35, 39 (D.D.C. 2010) (internal citation omitted). Courts in this district have preferred to take the former approach, focusing on the underlying events for which coverage is sought. *Noetic Specialty Ins. Co. v. N.C. Mut. Wholesale Drug Co.*, 453 F. Supp. 3d 842, 846 (E.D. Va. 2020) (citing *TRAVCO Ins. Co. v.*

---

[2] The other two grounds for venue under § 1391 do not apply here. Specifically, Defendant does not reside in this district, § 1391(b)(1), and it does not appear that Defendant "is subject to the court's personal jurisdiction with respect to [this] action." § 1391(b)(3).

*Ward*, 2010 WL 11570116, at *2 (E.D. Va. Mar. 30 2010)); *see also Liberty Mut. Fire Ins. Co. v. KB Home*, 2013 WL 6185882, at *6 (E.D. Va. Nov. 25, 2013) (finding venue improper under § 1391(b)(2) where "the sole justification for venue in this district is that the '[t]he disputed contract was delivered in Virginia.'").

In essence, Plaintiff bases its venue argument on two grounds — i.e., that Plaintiff resides in this district, and that Plaintiff issued its insurance policy from this district. (Pl.'s Resp. at 2.) However, Plaintiff neglects to account for the fact that the core issue raised in this case requires the Court to interpret *Defendant's insurance policy*.³ (Compl. ¶¶ 34-48.) Specifically, Plaintiff asks the Court to find that Defendant improperly denied coverage for the May 2019 accident in which Rodriguez sustained injuries. (Compl. ¶¶ 34-48.) And, as Plaintiff acknowledges, Defendant issued its policy from Cleveland, Ohio, to Lawson Concrete in Riverdale, Maryland. (Pl.'s Resp. at 2, n.1 (citing Defendant Policy at 2).) Thus, even if the relevant analysis centered on the formation, issuance and execution of the insurance contract, such analysis would not render this Court a proper venue, given that an Ohio insurer issued the relevant insurance contract to a Maryland company.

Moreover, all acts and omissions relevant to the underlying tort claim transpired in Maryland. Accordingly, under the prevailing venue analysis in this district, venue proves improper. *TRAVCO Ins. Co.*, 2010 WL 11570116, at *2 ("In an insurance coverage action, to establish venue via [§ 1391(b)(2)], a court looks to the underlying events for which coverage is sought.") (citing *Carolina Cas. Co. v. Data Broadcasting Corp.*, 158 F. Supp. 2d 1044, 1047

---

³ Plaintiff asks the Court to analyze Plaintiff's policy only insofar as the Court would need to determine which policy provided primary coverage, and which provided excess coverage. (Compl. ¶¶ 34-48.) Accordingly, an analysis of Plaintiff's policy proves secondary to the legal issues presented in this action, given that the Court would only reach that analysis should the Court determine in the first instance that Defendant improperly denied coverage.

(C.D. Cal. 2001)). In short, neither the circumstances giving rise to the insurance policy at issue (i.e., Defendant's insurance policy) nor the facts relating to the underlying tort action have any connection whatsoever to this forum.

For these reasons, the Court hereby GRANTS Defendant's Motion to Dismiss for Improper Venue (ECF No. 6).

Finally, the Court pauses to acknowledge that "[w]hen deciding whether to transfer or dismiss, 'district courts generally favor transfer over dismissal, unless there is evidence that a case was brought in an improper venue in bad faith or to harass defendants.'" *Conte v. Virginia*, 2020 WL 3883251, at *4 (E.D. Va. July 9, 2020) (citing *Symbology Innovations, LLC*, 282 F. Supp. 3d at 935). However, before the Court can transfer the case to another district, the Court must first determine that venue proves otherwise proper in the transferee court, which determination entails an analysis of personal jurisdiction. *Id.* at *6-7. But the parties here have provided no argument on whether the United States District Court for the District of Maryland could exercise personal jurisdiction over Defendant. Indeed, neither party has moved for transfer at all, or has asked the Court to consider where the case could be transferred. As such, without the benefit of the parties' briefing on the issue or a sufficient record, the Court declines to determine whether another court can exercise personal jurisdiction over Defendant.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's Motion (ECF No. 6)

and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint (ECF No. 1).

This case is now CLOSED.

An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

                                                /s/
                                      David J. Novak
                                      United States District Judge

Richmond, Virginia
Dated: March 31, 2021